UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 05-387 (RWR) |
| ALFREDO MEDINA, | ) |
| Defendant. | ) |

### ORDER TO SHOW CAUSE

Defendant Alfredo Medina has filed three pretrial motions to suppress. None contains a statement of facts, a statement of the specific points of law and authority that support the motion, or a proposed order, as are required by Local Criminal Rule 7(a) and (c).

Each motion seeks an evidentiary hearing. To be entitled to an evidentiary hearing, a movant must allege facts supporting some relief. See United States v. Dale, 991 F.2d 819, 848 (D.C. Cir. 1993) ("In order to be entitled to [an evidentiary hearing], the [defendant is] required to make 'factual allegations which, if established, would warrant relief.'") (citing United States v. Thornton, 454 F.2d 957, 967 n.65 (D.C. Cir. 1971)), cert. denied, 510 U.S. 1030 (1993); United States v. Walker, 237 F.3d 845, 850 (7th Cir. 2001) ("A defendant who seeks a hearing to suppress evidence has the burden to show that there are disputed issues of material fact."); United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need

- 2 -

be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."), cert. denied, 534 U.S. 831 (2001); United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000) ("'[W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."') (citation omitted); see also 3A Charles A. Wright et al., Federal Practice and Procedure: Criminal 3d § 675 (2004) ("An evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief."). Accordingly, it is hereby

ORDERED that defendant Medina show cause in writing by December 29, 2005 why his three motions [##14, 15, 16] and requests for hearings should not be denied without prejudice for failure to comply with the Local Criminal Rules. Defendant Medina may comply with this Order by timely filing in connection with each motion a supplemental memorandum that complies with the local rules and supports his request for an evidentiary hearing.

- 3 -

SIGNED this 19th day of December, 2005.

*/s/ Richard W. Roberts*
RICHARD W. ROBERTS
United States District Judge