UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No.: 05-387-01 (RWR <br> Judge Richard W. Roberts |
| ALFREDO MEDINA | : | |

Motion to Suppress Oral and Written Statements by Defendant

Comes now the Defendant, Alfredo Medina, by and through his counsels, Luiz R. S. Simmons and Stephen I. Jacobs, respectfully requests this Honorable Court to issue an order Suppressing all Oral and Written Statements of Defendant Alfredo Medina due to the violation of Defendant Medina's rights under the Fifth Amendment and Miranda v. Arizona.

**A.  Statement of Facts:**

1.  That on or about September 27, 2005, Defendant Medina was arrested by Metropolitan Police Department Detectives for alleged violations of (1) 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. 2 (Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine and Aiding and Abetting) and (2) 18 U.S.C. 924(c)(1) (Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense).

2.  That on or about October 25, 2005 a Bill of Indictment by the Grand Jury was filed charging Defendant Medina with the offenses enumerated above.

3.  That on or about September 27, 2005, during his custodial interrogation by Detectives of the Metropolitan Police Department, Defendant Medina was not initially informed of his Fifth Amendment rights against self-incrimination as required and

delineated pursuant to Miranda v. Arizona, 384 U.S. 436. The government has provided a videotape of the interrogation conducted by the detectives of the Metropolitan Police Department as part of its November 3, 2005, release of discovery materials pursuant to Defendant's request under Rule 16 of the Federal Rules of Criminal Procedure.

4. That the Defendant did not receive the required warnings necessary to preserve his Fifth Amendment rights against self-incrimination until approximately five minutes of questioning had occurred in this interrogation.

5. That at the outset of his interrogation (believed to be conducted by Investigator Manley) the Defendant was asked if he "wished to be interrogated on tape"; the Defendant's response appears to be a nod and unintelligible response.

6. That the interrogation continued with a series of questions concerning the weapon discovered in the vehicle allegedly driven by the Defendant and the activities that took place prior to the arrest that took place on September 27, 2005 at approximately 7:30 p.m.

7. That it was at this point that Investigator Manley stated that the interview would be stopped so that the he could read the Defendant his rights, stating that it "should have been done initially" and that after he read his rights they could "continue with the interview." There is an approximate break of two to three minutes prior to Investigator Manley reading the Defendant his rights and then having the Defendant sign the PD 47 warning card.

8. As noted on the videotape, Investigator Manley restarted the interview at 20:55, stating "tell me again, one more time what happened with your friend Michael . ."

9. That the Supreme Court in Missouri v. Seibert, 542 U.S. 600, has ruled that the use of the "two-step" warning technique, in which certain statements are elicited from the Defendant prior to the delivery of his/her warnings against self-incrimination, as used in this case, jeopardizes the value of the warnings are required in Miranda v. Arizona and denies the Defendant to make an informed decision regarding further discussions with law enforcement personnel.

10. The Supreme Court opinion states that when a two-stage interview occurs, the admissibility of the post-warning statements require an objective review of whether the "Miranda warnings delivered midstream could have been effective enough to accomplish their object." The opinion identifies several criteria to examine including; (1) the completeness and detail of the questions and answers in the first round of interrogation, (2) the overlapping content of the two statements, (3) the time and setting of the first and second, (4) the continuity of police personnel, and (5) the degree to which the interrogator's questions treated the second round as continuous with the first.

11. That in his concurring opinion, Justice Kennedy suggests that the use of curative steps, such as a substantial break in time and circumstances between the pre-warning statement and the warnings required under Miranda v. Arizona or an additional warning that explains the "likely inadmissibility of the pre-warning custodial statement."

12. That a review of the videotape of the custodial interrogation makes it quite clear that the interrogators from the Metropolitan Police Department failed to adhere to either test found in Missouri v. Seibert.

WHEREFORE, the premises considered, the Defendant Alfredo Medina respectfully requests that this Honorable Court issue an order declaring:

1. That all statements made by the Defendant prior to receiving the required warnings against self-incrimination are inadmissible.

2. That all statements made by the Defendant after receiving the required warnings against self-incrimination are inadmissible.

3. That any evidence collected by the Government due to information provided by the Defendant during his interrogation, whether by search warrant or without reliance on a search warrant, is inadmissible.

4. For such other and further relief as this Honorable Court deems necessary and proper.

Respectfully submitted,
Auerbach and Simmons

_____
Luiz R. S. Simmons, Esq.
8613 Cedar Street
Silver Spring, Maryland  20910
(301) 589-8844
Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was delivered by hand and electronically to Mr. Steven B. Wasserman, Assistant U.S. Attorney, Narcotics Section, U.S. Attorney's Office for the District of Columbia, 555 Fourth Street, N.W. Washington, D.C., 20030 this 28th day of December, 2005 and by mail upon all defense counsel of record.

_____
Luiz R.S. Simmons, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

v.                                :       Criminal No.: 05-387-01 (RWR
                                          Judge Richard W. Roberts

ALFREDO MEDINA                    :

## POINTS OF LAW AND AUTHORITY

1. <u>Miranda v. Arizona</u>, 384 U.S. 436.

2. <u>Missouri v. Seibert</u>, 542 U.S. 600.

3. Fifth Amendment of the Constitution of the United States.

        Respectfully submitted,
        Auerbach and Simmons

---

Luiz R. S. Simmons, Esq.
8613 Cedar Street
Silver Spring, Maryland   20910
(301) 589-8844
Attorney for the Defendant