UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No.: 05-387-01 (RWR |
| | Judge Richard W. Roberts |
| ALFREDO MEDINA : | |

Motion to Suppress Evidence Obtained by Search and Seizure

Comes now the Defendant, Alfredo Medina, by and through his counsels, Luiz R. S. Simmons and Stephen I. Jacobs, respectfully requests this Honorable Court to issue an order pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, Suppressing all Evidence Obtained by Search and Seizure pursuant to a Search Warrant issued on September 28, 2005.

**A.  Statement of Facts:**

1. That on or about September 27, 2005, Defendant Medina was arrested by Metropolitan Police Department Detectives for alleged violations of (1) 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. 2 (Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine and Aiding and Abetting) and (2) 18 U.S.C. 924(c)(1) (Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense).

2. That on or about October 25, 2005 a Bill of Indictment by the Grand Jury was filed charging Defendant Medina with the offenses enumerated above.

3. That on or about September 28, 2005, Investigator F. Pearson of the Loudoun County Sheriff's Office applied for a Search Warrant of 404 Kojun Court, Sterling, Virginia from Magistrate Howard.  The address, 404 Kojun Court, Sterling, Virginia is the home address of the Defendant Alfredo Medina.

1

4. That the Search Warrant was issued in reliance on the Application and Affidavit for a Search Warrant and Seizure Warrant, which includes a section on Probable Cause for Warrant and was completed by Officer Harry Allen of the Metropolitan Police Department.

5. That the only statement in the Probable Cause section relating to the address of 404 Kojun Court, Sterling, Virginia is statement (d) in which it is stated that Defendant Medina provided this address as his place of residence.

6. That the alleged facts found in the Applications and Affidavit state that defendant Medina "helped arrange the sell(sic) of two kilograms of cocaine for over twenty thousand dollars each . . . ." That there is no allegation that any cocaine or any other controlled substance was found on the Defendant's person or in the vehicle he was driving at the time of the arrest.

7. That there is no evidence produced or suggested in the Application and Affidavit of Officer Allen to indicate that Defendant Medina was involved in the alleged transaction at a level that would justify the issuance of a Search Warrant based upon Officer Allen's stated experience and expectation of discovering items at 404 Kojun Court, Sterling, Virginia, that would be used by those who distribute and sell various controlled substances

8. That the Application and Affidavit of Officer Allen fails to allege sufficient facts to show that Defendant Medina's alleged involvement corresponded to or could be connected to the stated experience of Officer Allen regarding narcotics investigations and arrests. Further, the alleged facts as stated in the Application and Affidavit of Officer Allen do not give rise to the reasonable expectation that Defendant Medina would have,

maintain, own or possess the various books, records, substances, currency, equipment and other information and materials found in (3) Justification for the Place to Searched and Items to be Seized in the Application and Affidavit of Officer Allen.

9. That the lack of sufficient substantive involvement by Defendant Medina in the alleged transaction fails to establish the necessary nexus that "the requirement that there be a reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought", United States v. Hopkins, 128 F. Supp 2d at 5 (internal quotations eliminated).

10. Defendant is attaching the required information including the Application and Affidavit of Officer Allen, Confidential Supplement submitted by Investigator Pearson, the Incident Report completed by Investigator Pearson and the property records reflecting what was taken from 404 Kojun Court. However, Defendant is not in possession of the Search and Seizure Warrant as issued by Magistrate Howard.

WHEREFORE, the premises considered, the Defendant Alfredo Medina respectfully requests that this Honorable Court issue an order declaring:

1. That any and all evidence collected by the Government pursuant to the Search and Seizure Warrant obtained on September 28, 2005 for the residence at 404 Kojun Court, Sterling, Virginia, is inadmissible against Defendant Alfredo Medina.

2. For such other and further relief as this Honorable Court deems necessary and proper.

        Respectfully submitted,
        Auerbach and Simmons


        _____
        Luiz R. S. Simmons, Esq.
        8613 Cedar Street
        Silver Spring, Maryland   20910
        (301) 589-8844
        Attorney for the Defendant


## **CERTIFICATE OF SERIVCE**

    I HEREBY CERTIFY that a copy of the foregoing Motion was delivered electronically to Mr. Steven B. Wasserman, Assistant U.S. Attorney, Narcotics Section, U.S. Attorney's Office for the District of Columbia, 555 Fourth Street, N.W. Washington, D.C., 20030 this 29th day of December, 2005 and upon all defense counsel of record.


_____
Luiz R. S. Simmons, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**        :

**v.**                :        **Criminal No.: 05-387-01 (RWR)**
                            **Judge Richard W. Roberts**

**ALFREDO MEDINA**            :

## POINTS OF LAW AND AUTHORITY

1. United States v. Andrew Lee Hopkins, 128 F. Supp. 1 (D.D.C. 2000).

2. Rule 12 (b)(3) of the Federal Rules of Criminal Procedure.

3. The record herein.

4. Attachments of Application and Affidavit and other records.

> Respectfully submitted,
> Auerbach and Simmons
>
> _____
> Luiz R. S. Simmons, Esq.
> 8613 Cedar Street
> Silver Spring, Maryland   20910
> (301) 589-8844
> Attorney for the Defendant

5