<u>IN THE CIRCUIT/DISTRICT COURT FOR LOUDOUN COUNTY, VA</u>

<u>APPLICATION AND AFFIDAVIT FOR A SEARCH W A R R A N T  AND SEIZURE WARRANT</u>

I. Officer Harry Allen, badge # 636 of the METROPOLITAN POLICE DEPARTMENT, being duly sworn, request the issuance of a Search and Seizure Warrants and states as follows:

**1. DESCRIPTION OF THE PLACE, PERSON. OR MOTOR VEHICLE TO BF SEARCHED:**

THE RESIDENCE IS LOCATED 404 KOJUN COURT, STERLING, VA. IT IS AREET NORTHEAST APARTMENT #3. WASHINGTON, DC. THE PREMISE IS DESCRIBED AS A FOUR UNIT RED BRICK APARTMENT BUILDING WITH TAN TRIMMING. THE FRONT DOOR IS MAROON IN COLOR. THE NUMBER 1708 IS FADED OUT OVER THE TOP OF

**2. AFFIANTS TRAINING AND EXPERIENCE**

1. Your affiant has been a law enforcement officer for fifth teen years. I have made over 300 narcotics arrests. I Officer Allen have worked as an undercover officer. I have been involved in the investigation and arrest of various narcotics organizations that were later charged in United States Federal Court. I have interviewed numerous subjects involved in the sale and distribution of narcotics. I have also been involved in the execution of over 500 search warrants. Through these interviews and during these investigations and arrests, I have learned the methods utilized by narcotics traffickers. I have learned that traffickers commonly utilize their residences to store their firearms. They also need to have their firearms accessible to them to protect them from competitors, police, and robbers. They also place firearms in locations where they sell their narcotics. The traffickers also store documents that show how they are involved in the sale of narcotics, the names of co- conspirators in their organization, and the disposition of the proceeds that they have obtained through the sale of narcotics.

2. **PROBABLE CAUSE (FACTUAL BASIS) FOR WARRANT:**

The facts that establish probable cause for the issuance of a Search and Seizure Warrant are as follows:

   a) On September 27, 2005 members of the Metropolitan Police Departments Narcotics and Special Investigations Division, conducted a narcotic operation on the Burger King's parking lot located at 320 Florida Avenue Northeast, Washington, DC. A person known as Jose Alfredo Soto aka Medina, Alfredo helped arrange the sell of two kilograms of cocaine for over twenty thousands dollars each to a Confidential Informant being utilized by members of the Metropolitan Police Department.

   b) Medina and another person, now known by your affiant as Luan (Luna) Michael arrived in a burgundy color expedition driven by Medina. Once at the location Luna and Medina met with

    the Confidential Informant inside this vehicle. While inside the vehicle Medina made a call to another subject, who is now known as Flores, Adalberto and told him to bring the two kilo-grams of cocaine to the Burger King parking lot. When Flores pulled into the lot next to the Confidential Informant, driving a black Dodge Intrepid, Sgt. Sutherland gave the signal to the arrest teams to move in.

c) Once the arrest team moved in all the defendants were stopped. When stopped Medina, told Sgt. Sutherland that there was a gun under the floor mat on the drivers side of the vehicle. The handgun turned out to be a Glock 357. Located in the Dodge Intrepid behind the drivers side seat was a blue DVD block containing two-large rectangular type packages both containing over 1200 grams of powder cocaine. It was later field-tested and gave a positive color reaction for cocaine. All three persons were charged with possession of cocaine with the intent to distribute in the United States District Court for the District of Columbia.

d) When arrested Medina gave the address of 404 Kojun Court Sterling, Va. as his place of residence. On March 15, 2005. Medina was arrested inside these premises for assault and battery.

**3. JUSTIFICATION FOR THE PLACE TO BE SEARCHED AND ITEMS TO BE SEIZED.**

2.	Based on your affiant's training, experience and extensive participation in narcotic and drug related investigations, your affiant knows that:

a.  Individuals who deal in illegal controlled substances maintain books, records, receipts, notes, ledgers, hank records, money orders and other papers relating to the importation, manufacturing, transportation, ordering, sale and distribution of illegal controlled substances. These books, records, receipts notes, ledgers, bank records, money order, etc, are maintained where the dealers in illegal controlled substances have ready access to them, Such as in secured locations within their residence, the residences of friends, family members, and associates, or in the places of operation of the drug distribution activity, such as a stash house or safe house.

b.  Individuals who deal in illegal controlled substances routinely conceal in their residences or the residences of friends, family members, and associates, or in the places of operation of the drug distribution activity, such as a stash house or safe house, large quantities of currency, financial instruments, precious metals, jewelry and other items of value, typically proceeds of illegal controlled substance transactions.

c.  It is common for individual who deal in the sale and distribution of illegal controlled substances, particularly Cocaine base, to secret contraband related to the activity, such as scales, razors, packaging materials, cutting agents, cooking utensils, microwave ovens, pots, dishes, and other containers for converting cocaine into cocaine base, at their residences, or the residences of friends, family members, or associates, or in the places of operation of drug distribution activity, such as a stash house or safe house.

d.  Individuals who deal in the sale and distribution of controlled substances commonly maintain addresses and telephone number hooks or paper which reflect names, addresses and/or telephone numbers for their associates in their illegal organization. These individuals often utilize cellular

telephones, pagers, and telephone systems to maintain contact with their associates in their illegal businesses. These telephone records, bills and pager numbers are often found in their place of residence, or the residence of friends, family members, or associates, or in the places of operation of the drug distribution activity, such as a stash house or safe house.

e.   Individuals who deal in illegal controlled substances often take photos of themselves, their associates, and their property and illegal contraband. These photos are usually maintained in their place of residence, or the residences of friends, family members, or associates, or in the places of operation of the drug distribution activity, such as a stash house or safe house.

f.   Persons who traffic in control substances maintain documents, letters and records relating to illegal activity for long periods of time. This documentary evidence is usually secreted in their residence, or the residence of friends, family members, or associates, or in the places of operation of the drug distribution activity, such as a stash house or safe house. This documentary evidence includes but is not limited to telephone numbers, telephone books, address books, credit card and hotel receipts, plane and bus tickets and receipts, car rental receipts, accounts and records in fictitious names, false identification, money orders, cashiers checks relation to cash transactions and records indicating the existence of storage facilities used in narcotic trafficking.

g.   Individuals involved in narcotics trafficking often own, possess and/or use weapons as a means to facilitate their illegal drug activities. Such weapons are most often secreted in their residence, or the residences of friends, family members, or associated. or in the places of operation of the drug distribution activity, such as a stash house or safe house.

**3. DESCRIPTION OF THE ITEMS TO BE SEIZED:**

Wherefore based on the listed information, this affiant believes probable cause exists for the issuance of a search warrant for the listed premises. It is therefore requested that a search warrant be issued>

a) To seize and hooks, records, and documents relating to the acquisition, possession, sale, transportation or distribution of illegal controlled substances and the related illegal activities.

b) To open any and all safes, locked boxes, and receptacles and to seize all contents which pertain to the acquisition, possession, seal, transportation or distribution of illegal controlled substances and the related illegal activities.

c) Indicia of occupancy, residency, rental, and/or ownership of the premises described herein, including. but not limited to, utility and telephone bills, canceled envelops, rental, purchase or lease agreements, and keys.

d) To search any and all persons found on the premises to be involved in said illegal activities.

e) To seize electronic equipment, such as computers, facsimile, machines, digital pagers and cellular

telephones, answering machines, and related manuals used to generate, record and/or store the information described in this Application. Additionally, computer software, tapes and discs, audiotapes, and the contents therein, containing the information generated by the aforementioned electronic equipment and used in the aforementioned violations relating to the acquisition, possession, sale transportation or distribution illegal controlled substances and the related illegal activities.

f)   To view all non-commercially produced videotapes.

g)   To seize all appointment books, diaries, calendars, travel records, financial records, work schedules, computer records, or other documents that detail the aforementioned violations or individuals involved in the aforementioned violations relating to the acquisition, possession, sale, transportation or distribution of illegal controlled substances and the related illegal activities.

h)   To seize all financial documents that are related to the placement of monies used in the aforementioned violations relating to the acquisition, possession, sale transportation or distribution of illegal controlled substances and the related illegal activities.

i)   To seize photographs, including still photos, negatives, videotapes, films, undeveloped film and the contents therein, slides, in particular photographs of the coconspirators, of assets and/or controlled dangerous substances.

j)   To seize United States Currency, precious metals, jewelry, and financial instruments, including stocks and bonds.

k)   Firearms, including but not limited to, handguns, pistols, revolvers, rifles, shotguns, machines guns, ammunition for firearms and other weapons.

l)   All narcotics paraphernalia: including but not limited to: baking soda, screens, cooking utensils used to convert cocaine powder into cocaine base (crack) zip lock bags, razors, scales, and measuring devices.

For all of the forgoing reasons, I respectfully request that you issue a Search and Seizure Warrant for the above-described premises.

I SOLEMNLY SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTEND OF THIS APPLICATION AND AFFIDAVIT FOR SEARCH AND SEIZURED WARRANT ARE TRUE TO THE BEST OF MY KNOWLEDGE. INFORMATION AND BELIEF.

_____   _____

AFFIANTS SIGNATURE                                    DATE AND TIME
                                                             _____ , 2005

SWORN BEFORE ME IN MY PRESENCE ON _____   _____

_____
JUDGE/MIGISTRAT

Case 1:05-cr-00387-RWR     Document 23-3     Filed 12/29/2005     Page 6 of 6