UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-387 (RWR) |
| v. : | |
| : | |
| ALFREDO MEDINA, : | |
| : | |
| a/k/a Jose Soto, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED BY SEARCH AND SEIZURE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to defendant's Motion to Suppress Evidence Obtained By Search and Seizure.  In support of this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding these motions.

I.      **Factual Background**

The defendant is charged in a two count indictment with Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2, and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

At a hearing or trial in this matter, government counsel expects the evidence for this charge to demonstrate substantially as follows: Approximately one week prior to September 27, 2005, Michael Luna advised the defendant that he knew an individual who wanted to purchase

kilogram quantities of cocaine. The defendant advised Luna that he knew someone who could provide kilogram quantities of cocaine. On September 27, 2005, Michael Luna exchanged several phone calls with a confidential informant (CI), during which Michael Luna agreed to arrange the sale of two kilograms of cocaine to the CI for approximately $20,000 per kilogram. Luna then contacted the defendant and advised him that the CI wanted to purchase two kilograms of cocaine, and the defendant agreed to obtain the cocaine for the transaction.

Luna arranged to meet the CI at the Burger King located xxx xxxxxx xxxxxx xxxxxxxx, Washington, DC at approximately 7:30 pm for the purpose of brokering the cocaine transaction between the defendant and the CI. Luna and the defendant then traveled to the Burger King in the defendant's Ford Expedition. Shortly before 7:30 pm, the CI met with Luna and the defendant in the parking lot of the Burger King, while law enforcement personnel observed the meeting. The CI eventually entered the defendant's Expedition at which time the CI and the defendant began to negotiate the price for the purchase of two kilograms of cocaine. Once the price was agreed upon, the defendant made a telephone call to co-defendant Adalberto Flores, and advised Flores to bring the cocaine to the Burger King Parking lot. A short time later, Flores entered the parking lot driving a Dodge Intrepid.

Once the Dodge Intrepid parked in the lot next to the Expedition, the CI gave a signal to the arrest team to move in and arrest the suspects. The defendant was stopped by the arrest team in the driver's seat of the Ford Expedition. At the time the defendant was stopped the officer asked him if he had any weapons and he advised the officer that there was a firearm under the floor mat of the driver's seat. Officers recovered a Glock .357 semi-automatic pistol from underneath the driver's front floor mat. Also recovered from the Expedition were two cellular telephones, a car charger,

and assorted paperwork located inside the glove box. A search of the Dodge Intrepid recovered a DVD box containing two wrapped packages containing a white powder substance, which field tested positive for cocaine. Each package weighed approximately 1,200 grams. A search of co-defendant Flores incident to arrest recovered a cellular telephone, identification card, and paperwork.

On September 28, 2005, a search warrant was obtained in the Circuit Court for Loudoun County, Virginia , to search the defendant's residence located at xxx xxxxxx xxxxxx , Sterling, Virginia. The probable cause to justify issuance of the warrant was set forth in the Application and Affidavit for Search Warrant and Seizure Warrant (See Defendant's brief, Document 23, Attachment). The statement of probable cause provides, inter alia, that: (1) the defendant was arrested on September 27, 2005, in connection with the controlled purchase of two kilograms of cocaine; (2) the defendant made a phone call to have the cocaine that was ultimately seized brought to the location of the arrest; (3) the defendant informed officers that there was a firearm inside the vehicle that he was driving, which firearm was then seized by police; and (4) the defendant stated that he lived at the premises searched.

Recovered during the search of the defendant's residence was a magazine for a Glock .357 caliber semi-automatic pistol, one clear plastic bag containing white powder residue, a photograph of the defendant, and a bill in the defendant's name.

The defendant now moves to suppress the evidence obtained during execution of the search warrant alleging insufficient facts to establish probable cause to justify issuance of the warrant. The defendant's motion is without merit and should be denied.

**II.**     **Argument**

In the defendant's initial Motion to Suppress Evidence Obtained By Search and Seizure filed on December 14, 2005, he asserts that the search warrant affidavit contained "false declarations." (Defendant's Motion, para. 3). The defendant is not entitled to an evidentiary hearing on his motion to suppress pursuant to Franks v. Delaware, 438 U.S. 154, 171 (1978) (evidentiary hearing to challenge a search warrant is required only after the defendant makes a threshold showing that the search warrant affidavit is false in some material way). There is a "presumption of validity" of such affidavits, and the rule announced in Franks with respect to entitlement to an evidentiary hearing "has a limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." Franks, 438 U.S. at 167. In order to be entitled to an evidentiary hearing a defendant must make "a substantial preliminary showing that a false statement was knowingly and intentionally made, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." Id. at 155-156. See also United States v. Richardson, 861 F.2d 291, 293 (D.C. Cir. 1988).

The defendant must make a substantial showing therefore that three facts are true: first, that the affidavit contains a false statement, second, that the absence of the false statement in the affidavit would negate probable cause, and third, that the affiant made the false statement with the requisite scienter, that is, knowingly or with a reckless disregard for the truth. Id. at 293-294 (declining to decide whether an inaccuracy in a warrant affidavit was material to probable cause in the absence of a contention that it was made intentionally or with reckless disregard for the truth). Further,

> [t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the

>  truth, and those allegations must be accompanied by an offer of proof. They should point out specific portions of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Franks, 438 U.S. at 171.

The defendant has made no such showing, and therefore, an evidentiary hearing is not warranted. Defense counsel's motion consists of conclusory, single sentence claims that the warrant is deficient. The defense motion is otherwise utterly devoid of any specific factual or legal assertions that would justify an evidentiary hearing.

The defendant claims that there was insufficient facts to establish probable cause for the search. This claim is without merit. In evaluating whether an affidavit establishes probable cause to support a search, the reviewing court must employ the "totality of the circumstances" test set forth by Illinois v. Gates, 462 U.S. 213, 231-32 (1983). The Supreme Court explained that:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed.

Id. at 238-39 (citations omitted); United States v. Warren, 42 F.3d 647, 652 (D.C. Cir. 1994).

The affidavit in support of the search warrant for the defendant's residence provides ample facts establishing probable cause to believe that evidence of a crime would be found. The affidavit details the evidence of the defendant's participation in the narcotics transaction with the confidential informant. These facts demonstrate that the informant had personal knowledge of the defendant's involvement in the narcotics transaction, including his contacting of co-defendant Flores to tell him

to bring the cocaine to the scene. Furthermore, this information was corroborated by the facts outlined in the affidavit concerning the arrest of the defendant and his confederates, and the seizure by police of two kilograms of cocaine at the scene, as well as the seizure of the firearm from the defendant's truck. The affidavit also sufficiently links the defendant to the premises searched by including the fact that the defendant admitted that the subject premises was his residence. Furthermore, because of the large amount of cocaine seized, it was reasonable for the magistrate to infer from the four corners of the affidavit that the defendant was a well-established drug trafficker.

      The affidavit also outlines the affiant's prior experience in narcotics investigations and execution of narcotics search warrants. These facts demonstrate that narcotics traffickers routinely store narcotics, weapons, drug paraphernalia, records related to narcotics trafficking, and other narcotics related contraband in their residence. See United States v. Hopkins, 128 F. Supp.2d 1, 5 (D.D.C. 2000) (recognizing as a reasonable inference that narcotics traffickers often store items of contraband such as narcotics and narcotics paraphernalia inside their residence). Therefore, it was reasonable to infer that such items would be found inside the defendant's residence. The above-referenced information provided more than sufficient evidence upon which to issue a search warrant for the defendant's residence.

      In the event that the Court were to find that there was insufficient probable cause to support issuance of the search warrant the evidence should still not be suppressed pursuant to the "good faith" exception to the warrant requirement set forth in United States v. Leon, 468 U.S. 897 (1984). Under the good faith exception, evidence obtained pursuant to a search warrant will not be suppressed for lack of probable cause to support the warrant unless the officers' reliance upon the warrant was unreasonable or in bad faith. Id. at 922-923; United States v. Gaston, 357 F.3d 77, 81

(D.C. Cir. 2004). There is no evidence that the officers' reliance on the search warrant for the defendant's residence was unreasonable or otherwise in bad faith. Accordingly, the evidence obtained during the search should be admitted.

WHEREFORE, the government respectfully requests that the Court deny defendant's motion to suppress.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

---

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
555 4th Street, NW, Rom 4241
Washington, DC 20001
(202) 307-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Response in Opposition to Defendant's Motion to Suppress Evidence Obtained by Search and Seizure is to be served upon counsel for the defendant, Luiz Simmons, Esquire, this 3rd day of January, 2006.

---

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY