UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-387 (RWR) |
| v. : | |
| : | **FILED** |
| ALFREDO MEDINA, : | JAN 2 3 2006 |
| : | NANCY MAYER WHITTINGTON, CLERK |
| a/k/a Jose Soto, : | U.S. DISTRICT COURT |
| : | |
| Defendant. : | |

GOVERNMENT EXHIBIT 4

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES:

   A.   The essential elements of the offense of Conspiracy to Commit an Offense, that is, to violate Title 21 U.S.C. § 841 are:

      1.   That an agreement existed between two or more people to commit the offense of possession with intent to distribute cocaine;

      2.   That the defendant intentionally joined that agreement; and

      3.   That one of the co-conspirators did something for the purpose of carrying out the conspiracy.

II.   COPY OF THE PLEA AGREEMENT:

   A copy of the plea agreement, not yet executed by the defendant, is attached.

III.   PENALTIES:

1

A. Pursuant to 18 U.S.C. § 371, the crime of Conspiracy to Commit an Offense carries a penalty of a term of imprisonment of not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.

IV. FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

Approximately one week prior to September 27, 2005, Michael Luna had advised a confidential informant (CI) that he could obtain cocaine for the CI to purchase. During this conversation, the CI advised Luna that he wanted to purchase two kilograms of cocaine. Luna then contacted the defendant, Alfredo Medina, and asked him if he could assist in obtaining two kilograms of cocaine to sell to the CI, and the defendant agreed to obtain the cocaine. On September 27, 2005, the CI placed several consensually recorded phone calls to Luna, during which they arranged to meet at the Burger King parking lot located at 320 Florida Avenue, Northeast, Washington, DC in order to conduct the cocaine transaction.

The defendant and Luna then traveled to the Burger King parking lot in the defendant's Ford Expedition. At approximately 7:30 pm, the CI arrived in the parking lot at which time Luna introduced the CI to the defendant, who was to supply the two kilograms of cocaine to be purchased. The CI entered the Ford Expedition and discussed with Luna and the defendant a purchase price for the two kilograms of cocaine. The CI and the defendant agreed on a price of approximately $22,000 per kilogram, at which time the defendant placed a phone call to another individual, Adalberto Flores, who was carrying the cocaine in a Dodge Intrepid, and told him to bring the cocaine to the Burger King parking lot.

2

A short time later, a Dodge Intrepid entered the parking lot, at which time undercover officers of the Metropolitan Police Department (MPD) moved into the parking lot and arrested the defendant and the other participants. At the time the defendant was arrested he advised the officer that there was a firearm underneath the driver's front floor mat. A search of the Ford Expedition driven by the defendant revealed a Glock .357 semi-automatic pistol underneath the driver's front floor mat. A search of the Dodge Intrepid revealed a DVD box containing two wrapped packages of cocaine. The net weight of the cocaine was approximately 2,003 grams. Also placed under arrest was the driver of the Dodge Intrepid, Adalberto Flores. During the execution of a search warrant on September 28, 2005 at the defendant's residence located at 404 Kojun Court, Sterling, Virginia, police recovered a magazine for a Glock .357 semi-automatic pistol.

The defendant conspired with others to knowingly and intentionally distribute and possess with intent to distribute the cocaine described in this proffer, which was seized on September 27, 2005.

The suspected narcotics seized from the Dodge Intrepid were forwarded to the Drug Enforcement Administration Mid-Atlantic Laboratory for analysis. The results of the analysis indicated that the substance recovered from the DVD box inside the Dodge Intrepid was cocaine with a net weight of 2,003 grams.

At trial, the government would have called an expert witness to testify that the quantity, packaging, and value of the seized cocaine is consistent with amounts commonly intended for distribution by drug traffickers.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

*/s/ Steven Wasserman*

STEVEN B. WASSERMAN
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.   Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Luiz Simmons, Esq., this 10th day of January 2005.

*/s/ Steven Wasserman*

Steven Wasserman
Assistant United States Attorney