## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 05-387 (RWR)** |
| | : | |
| **ALFREDO MEDINA,** | : | |
| | : | **Sentencing: May 5, 2006** |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

I.     BACKGROUND

1.     Pursuant to a plea agreement, the defendant pled guilty on January 23, 2006 to Conspiracy to Commit an Offense Against the United States, to wit, to Possess With Intent to Distribute Cocaine, in violation of Title 18 U.S.C. 371.

2.     As the defendant appears to have no prior criminal convictions, he is correctly placed in criminal history Category I.

3.     Based upon a total offense level of 27 and a criminal history Category of I,  the guideline range for imprisonment is 70-87 months.[1]  Since the statutory maximum term of imprisonment is five years, pursuant to USSG § 5G1.1(a), the guideline range for imprisonment is 60 months.

II.     DEFENDANT SHOULD BE SENTENCED TO A TERM OF IMPRISONMENT OF 60
         MONTHS

---

[1]     This offense level takes into account that the defendant will presumably receive a three point downward adjustment for having taken responsibility for his criminal conduct.

A. The defendant's role in the offense

4. As set forth in the factual proffer which was read at the defendant's plea hearing, and to which the defendant voiced agreement when he entered his plea of guilty, the defendant was the person responsible for procuring the two kilograms of cocaine to be sold to the informant. The facts to which the defendant agreed also establish that he participated in negotiating the price to be paid for the cocaine, and was also in charge of coordinating the delivery of this cocaine to the location of the transaction. The defendant's role in arranging for the delivery of the cocaine to the Burger King is confirmed by telephone records for his cellular phone, which showed numerous phone calls on the day of his arrest between himself and co-defendant Adalberto Flores, who was driving the vehicle in which the cocaine was ultimately found. These facts establish the defendant as having occupied a crucial role in the conspiracy, which at a minimum demonstrate that he is equally culpable with his co-defendants in the commission of the instant offense.

B. The defendant was in possession of the firearm found in his vehicle

5. At the time of the defendant's arrest, he was sitting in the driver's seat of the Ford Expedition, which he drove to the Burger King parking lot. When he was removed from the vehicle, the police asked him whether there was anything potentially dangerous located inside the vehicle, and the defendant stated that there was a firearm located underneath the driver's front floor mat. Police recovered from underneath the driver's front floor mat a Glock .357 semiautomatic pistol. On September 29, 2005, two days after the defendant's arrest, a search warrant was executed at his residence located in Sterling, Virginia. Recovered during the search of the defendant's residence was a Glock .357 semiautomatic pistol magazine. In addition, information provided by both co-defendants corroborates the other evidence demonstrating that the defendant owned the Ford

Expedition he was driving on the day of his arrest. Accordingly, there is overwhelming evidence that the defendant knew of the presence of the firearm and intended to possess that firearm.

    C.  <u>The defendant failed to provide cooperation</u>

    6.  On October 26, 2005, undersigned counsel met with the defendant and his attorney at the time, Fred Jones, in order to conduct a debriefing. The defendant was advised of the importance of providing truthful information, and that no cooperation plea agreement would be extended unless it was determined that the information he provided was complete and credible. It was determined that the information provided by the defendant consisted of half-truths and was otherwise vague and incomplete. Accordingly, no cooperation plea agreement was offered.

    Approximately two weeks prior to the start of co-defendant Adalberto Flores' trial on March 6, 2006, defense counsel for Mr. Medina, Steve Jacobs, contacted the undersigned AUSA and inquired about the possibility of the defendant providing cooperation. Mr. Jacobs was advised to obtain a proffer from the defendant as to what information he could provide, and was also advised that the defendant would be required to testify against co-defendant Flores. Mr. Jacobs called back several days later to advise that the defendant would be willing to testify against Mr. Flores, and that the defendant could provide the phone number of the supplier who provided the cocaine for the transaction.

    Mr. Jacobs was told by undersigned counsel that the information would be taken under advisement. While Mr. Flores ultimately plead guilty on the day his trial was to begin, the undersigned counsel had decided not to call Mr. Medina as a witness due to the lack of time available to evaluate and make use of his testimony. Furthermore, due to the amount of time that had passed since the defendant's initial unsuccessful debriefing and his status as an illegal alien, it

was determined that the defendant could not be of any use in an investigation against his supplier. The government does not dispute that Mr. Medina may have been willing to provide cooperation against his co-defendant Mr. Flores and the supplier of the cocaine, however, his information was too little and his offer of cooperation came too late.

7.   The instant case represents the defendant's first criminal conviction.  However, the defendant received an extremely lenient plea offer from the government, which caps his exposure to incarceration at no more than five years.  The defendant would otherwise be exposed to a guideline range of between 70 - 87 months of incarceration.  Furthermore, the defendant is in the United States illegally and occupied a significant role in the offense, which involved a large quantity of cocaine.  The damage to communities within the District of Columbia caused by narcotics trafficking is well known, and does not require lengthy discussion.  This type of activity is particularly damaging and difficult to control when it is committed by individuals who are present in the country illegally.  Accordingly, a significant term of imprisonment is necessary to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Wherefore, the government respectfully requests that this Court sentence the defendant to a term of imprisonment of 60 months, followed by a term of supervised release of three years.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058

_____

STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
(202) 307-0031

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing government's Memorandum in Aid of Sentencing is to be served upon counsel for the defendant, Luis Simmons, Esquire,  this 3rd day of May 2006.

_____

STEVEN B. WASSERMAN
ASSISTANT   UNITED   STATES   ATTORNEY